## JUDES v NEW YORK CENTRAL R R CO

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided May 18, 1931

Newcomb, Newcomb & Nord, Cleveland, for Judes.

Paul Lamb, Cleveland, for New York Central R. R. Co.

VICKERY, J.

From the view that we take of this case

it does not make much difference whether the court's charge was all erroneous—and it apparently was as erroneous against the defendant as it was against the plaintiff—and had the verdict been rendered for plaintiff in the court below, apparently the defendant would have been urging error on its behalf. But there is a fundamental principle involved in this law suit and under the rules maintained by the reviewing courts of Ohio, if the judgment thereon is a right judgment, it will not be disturbed for mere error.

Now it is difficult to find in what respect the New York Central Railroad Company was guilty of any negligence. The writer of this opinion fails to find any negligence upon the part of the railroad company. Here was a carpenter directed by his foreman to repair a track for the purpose of hanging a door. Who placed the door in the position that it was, does not appear from the record. In any event a door placed as this was placed, would ordinarily be regarded as safely placed. A carpenter should know this as well as anyone. He was sent there, not under peremptory order, but by the foreman to repair this runway or track so that the door might be rehung.

Now it is claimed that there was a high wind that day and plaintiff wants one to conjecture that the high wind or sudden gust of wind blew this door over. If there was a high wind, it was just as apparent to Judes and his associates as it was to the foreman. The foreman took these men out there or was there when they started, but it surely seemed a safe place to work. One of the complaints that is made is in not providing a safe place to work. Judes was repairing a defective door, and it had to be repaired there or not at all. He had to take the track down and repair it properly, and it had to be at that place if it were done at all and the door, as it was standing up against the building, seemed placed in the usual way that doors are placed when they are to be rehung. In any event, Judes had as good a knowledge of this as the foreman who might or might not be a carpenter, and inasmuch as the railroads are not within the purview of the industrial insurance act and men are not entitled to compensation, the railroad company can be sued for negligence, and likewise the doctrine of assumption of risk applies; and if there was any negligence which we fail to see, against the railroad company, in the instant case, there would likewise be an assumption of risk upon the part of plaintiff in error, Judes.

From this whole record we think the court should have directed a verdict at the close of plaintiff's testimony, for the evidence did not contain a scintilla of evidence to show negligence upon the part of the railroad company or its agent. Therefore, if the court should have done this and did not and submitted the case to a jury, under however erroneous instructions, and the jury, notwithstanding, found for the defendant, it being in accordance with what the court should have done, there is no error in this record which would warrant us in disturbing the judgment on the verdict.

We think the court should have directed a verdict in favor of the defendant, and not having done so, but having submitted the case to a jury, plaintiff below cannot be heard to complain because the verdict was against him. In other words, if he has no law suit, he cannot make one by founding it upon erroneous statements made by the trial judge in his charge.

We think the whole record shows that substantial justice has been done, and we cannot disturb the judgment of the Common Pleas Court.

The judgment will therefore be affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.